(83 Misc. Rep. 70.)

SIEBOLD v. LA RUE.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. TROVER AND CONVERSION (§ 9*)—DEMAND—SUFFICIENCY.
    Where defendant's tenant built an engine and boiler in her premises for which she had no use, she is not guilty of a conversion in refusing to restore them to plaintiff, a mortgagee, upon his immediate demand, which did not give her an opportunity for investigation.
    [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 58–83; Dec. Dig. § 9.*]

2. FIXTURES (§ 32*)—REMOVAL—RIGHTS OF MORTGAGEE.
    Where defendant's tenant placed a boiler and engine in her premises, the mortgagee of the articles cannot demand that she remove them at her expense and deliver them to him; it being sufficient if she allow him to remove them.
    [Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 63, 65; Dec. Dig. § 32.*]

Appeal from Municipal Court of New York.

Action by Harry L. Siebold against Sarah R. La Rue. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Jacob J. Schwebel, of New York City, for appellant.
L. E. Warren, of New York City, for respondent.

WHITAKER, J. This is an action to recover $500 damages for the conversion of an engine and boiler. After the trial the court dismissed the complaint and delivered the following opinion:

"This is an action for conversion to recover for the value of a certain machine installed in the premises of the defendant. It appears that this machine was built up in the basement of the defendant and could not be removed, without removing a part of the premises of the defendant. The action is brought on behalf of the mortgagee not in possession at the time; the mortgagor, tenant of the defendant, having moved from the premises leaving the machine behind.

"It seems to me that this defendant is not at once guilty of conversion because she does not restore the chattel in dispute, where it is clear she should have time in which to investigate and ascertain whether the demand is made by or on behalf of one lawfully entitled to possession thereof.

"I am of opinion in the case at bar that the defendant would be justified in refusing to deliver the chattel to the alleged mortgagee unless it was clearly established that said mortgagee was entitled to possession. She would be justified in declining to deliver the chattel until she should have an opportunity to investigate the fact of the mortgage and of notice of default under its terms and notice of the election of the mortgagee to assume possession under the mortgage. It should be made clear to her that the demand was made with such authority or with the appearance of authority as would entitle a person to act with reasonable certainty under the appearances of authority as they were represented to her. The authority to make a demand and the refusal to make delivery without such proof is not sufficient in conversion. The mortgagor's demand would not be the demand of the mortgagee unless he was acting for and on behalf of the mortgagee.

"The ability of the defendant, moreover, to comply with the demand, is essential to conversion. In the action at bar she would not be obliged forth-

with to tear down the wall of her house to deliver the chattel or to permit this chattel to be removed at the hazard of considerable damage to her premises without having an opportunity to safeguard herself against the damage incidental to removal. I take it that she is not obliged to permit any stranger to come in and repossess himself under a claim of ownership of the property which did not come under her dominion unlawfully without being afforded an opportunity to secure herself against the damage incident to such removal. A qualified refusal to deliver the chattel, unless made in bad faith or appearing unreasonable, would not be a refusal on which conversion could be predicated. The circumstances, I take it, of each particular case, are controlling.

"In the present action the whole fact of demand and refusal is disputed. And it is disputed that previous or up to the time of the making of the alleged demand the defendant exercised any dominion over the chattel in question. On this particular point, and on the whole case, I do not think it is established that there is such meeting of the minds on the demand and refusal, even as testified to by the plaintiff, as would entitle the court to hold that it was such a demand and refusal as would entitle the plaintiff to succeed in the present action.

"I am of opinion that substantial justice requires that an adjudication be not had upon the merits in the present action, but on the motion of the defendant for failure of proof made at the close of the case, which would entitle the plaintiff to have a judgment of dismissal entered 'without prejudice to a new action for failure of proof.' I find, therefore, that there is failure of proof on the question of demand and refusal, and that the plaintiff's complaint should be dismissed without prejudice to a new action because of failure of proof."

[1] We have read the record and agree with the learned court below that there was not sufficient evidence of a proper demand and unjustified refusal upon which to base a money judgment. To have rendered judgment for plaintiff would, in effect, have been to compel the defendant to purchase the engine and boiler from plaintiff for which she had no use and for which the plaintiff does not seem to have a very strong longing, inasmuch as the defendant offered upon the trial to allow the plaintiff to take them, simply requiring him to repair any damage he might do to the premises by the removal.

[2] The property which is claimed was converted by defendant was an engine and boiler built in the premises in which they were used. The plaintiff would not legally demand of the defendant that she should take them out at her expense and deliver them to defendant's house or place of business. Defendant did not place them there. They were placed there by plaintiff's mortgagor, and defendant cannot be compelled to remove them.

The judgment should be affirmed, with costs, and the plaintiff remanded to his new action in accordance with the opinion of the court below.

Judgment affirmed, with costs, without prejudice to a new action. All concur.